UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CAPITOL RECORDS, LLC, SCREEN GEMS-
EMI MUSIC, INC., COLGEMS-EMI MUSIC,
INC., EMI FULL KEEL MUSIC, INC., EMI
UNART CATALOG, INC., and
JONES/TINTORETTO ENTERTAINMENT
COMPANY, LLC,

                          Plaintiffs,                          11-cv-6808 (PKC)

     -against-

                                                     MEMORANDUM AND ORDER

ANTHONY DEFRIES, MAINMAN LTD., and
MMRX,

                        Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Anthony Defries moves to declare that a restraining notice served on Sony Music Entertainment ("Sony") has expired. (Docket No. 88.) Plaintiffs cross move for leave to serve a second restraining notice on Sony. (Docket No. 90.) On April 11, 2013, plaintiffs served a restraining notice on Sony, pursuant to NY CPLR § 5222, to enforce a judgment rendered against defendants Defries, Mainman Ltd, and MMRX. (See Docket No. 69.) The restraining notice prohibited Sony from transferring any moneys in which defendants had an interest. For reasons to be explained, plaintiffs' restraining notice on Sony has expired and the Court denies plaintiffs' cross motion to both serve a second restraining notice and to grant a turnover of certain funds in Sony's possession.

        Plaintiffs' restraining notice on Sony has expired by operation of law. CPLR § 5222(b) states in relevant part, "[a] restraining notice served upon a person other than the

judgment debtor or obligor is effective . . . until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs." Plaintiffs served the restraining notice on Sony over one year ago, on April 11, 2013, and the notice has thus expired.

Plaintiffs request that the Court permit them to serve a second restraining notice upon Sony. Pursuant to CPLR 5222(c) a judgment creditor may serve more than one restraining notice on the same person with respect to the same judgment, but only with leave of court. Because plaintiffs have not demonstrated entitlement to a renewed notice the Court dismisses plaintiffs' cross motion for leave to serve a second restraining notice on Sony.

Plaintiffs claim that they are entitled to restrain Sony from paying a debt owed to the entity IOTA Inc. ("IOTA"), which changed its name to Mmtek Inc. ("Mmtek") in 2010, because of Defries' alleged interest in and control of IOTA/Mmtek. (See Docket No. 91.) IOTA was once a party to this action but was dismissed with prejudice on June 25, 2012. (See Docket No. 43.) No judgment was entered against IOTA/Mmtek. Defries asserts that he has no such interest in IOTA/Mmtek. (See Docket No. 93.) Restraining notices issued pursuant to CPLR § 5222 are effective against assets in which the judgment debtor has a direct interest. JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 295 F. Supp. 2d 366, 391 (S.D.N.Y. 2003). Here, plaintiffs contend that Defries has an interest in the debt owed to IOTA/Mmtek because "Defries is IOTA and IOTA is Defries" (See Docket No. 95, p. 3.), essentially arguing that IOTA/Mmtek is Defries' alter ego. Plaintiffs' claim that Defries and IOTA/Mmtek are one in the same, however, is not equivalent to an adjudication to that effect. See JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 295 F. Supp. 2d at 393 (holding that pursuant to CPLR § 5222, plaintiff may not retain the assets of two

individuals, alleged to be the alter egos of the judgment debtor, "until their alleged alter ego status has been adjudicated"). There has been no finding by this Court or any other court that IOTA is the alter ego of Defries, and there is no contention that Sony owes Defries money in his individual capacity. Thus, plaintiffs have not established their right to serve a second restraining notice on Sony or seek turnover of certain funds in Sony's possession. Plaintiffs' cross motion is dismissed.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
November 3, 2014